UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD HORTON,**

    Petitioner,

    v.

**RHONDA RICHARD, WARDEN,**

    Respondent.

**CASE NO. 2:12–cv–757**

**JUDGE WATSON**

### OPINION AND ORDER

On October 1, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. This Court has conducted a *de novo* review under 28 U.S.C. § 636(b). For the reasons that follow, Petitioner's *Objection,* ECF No. 23 is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner first objects to any finding that he is a *pro se* litigant. Petitioner is represented by counsel, and therefore this objection is sustained. Sustaining the objection does not, however, change the outcome of this case.

Petitioner also objects to the deference being given the state appellate court's decision regarding defense counsel's strategic decision not to present an expert witness on the unreliability of eyewitness identification. Petitioner asserts

that his attorney performed in a constitutionally ineffective manner under the two-prong test of *Strickland v. Washington,* 466 U.S. 668 (1984), and objects to any finding to the contrary. He again argues that defense counsel failed to investigate and was unprepared for trial. Finally, Petitioner objects to the Magistrate Judge's denial of relief on his claim that his sentence was unconstitutionally imposed.

The Court is not persuaded by Petitioner's arguments. As previously discussed, the mere fact counsel filed a form motion to suppress evidence fails both prongs of the *Strickland* test. The trial court conducted a hearing on the motion. Defense counsel was able to make arguments regarding reasons for the filing of the motion, and the record is without support for Petitioner's claim that he performed in a constitutionally ineffective manner in doing so, or that Petitioner was prejudiced thereby.

Likewise, Petitioner has failed to establish his attorney performed in a constitutionally ineffective manner in cross-examining Richard McLanahan. It was brought out on cross examination that McClanahan's testimony that Petitioner attempted to bribe him was without support. Presenting a witness who would corroborate that Petitioner met with McClanahan prior to trial would not have advanced this defense to any greater degree. Counsel also brought out on cross examination that the perpetrator of the offense wore a hood that was drawn all the way up, covering most of his face, his eyes and eyebrows being only visible parts of his face. Thus the identification of Petitioner as the perpetrator was brought into question. Defense counsel did ask, on cross examination, if it

was true that McClanahan bought drugs from the Petitioner; however, these questions suggested a motive for McClanahan's identification of Petitioner as the perpetrator of the offense, which is a strategic decision on the part of defense counsel, and does not provide a basis for relief. Defense counsel also questioned McClanahan on his memory of Petitioner as a basis for his identification, since McClanahan had not seen Petitioner for eight to ten years (when Petitioner purchased a car from McClanahan's niece), yet McClanahan testified that he identified Petitioner in large part from this prior contact. PageID# 218).

A criminal defendant "must overcome the presumption that, . . . the challenged action might be considered to be sound trial strategy." *Strickland*, 466 U.S. at 689 (citation omitted). Petitioner has not done so here. Moreover,

> [t]he question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro*, *supra*, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *See Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

For the reasons detailed by the state appellate court, this Court agrees that counsel's decision not to call an expert witness was one of trial strategy, and that Petitioner, in any event, cannot establish that he was prejudiced thereby. Further, contrary to Petitioner's argument, the Ohio appellate court's characterization of the evidence as inditcating that the robbery lasted between 15 and 25 minutes, and was not a brief encounter, is reasonable in view of the circumstances of this case. Similarly, for the reasons discussed in the Magistrate Judge's Report and Recommendation, this Court does not agree that the record shows that the method of identification of Petitioner was unduly suggestive, or that the witnesses' identification of him was inherently unreliable.

Finally, Petitioner's assertion that his sentence was unconstitutionally imposed because it violated the rule of lenity has been uniformly rejected by courts that have considered this issue. Moreover, a sentencing court is expressly permitted to consider prior criminal convictions under *Blakely v. Washington*, 542 U.S. at 301.

Petitioner's *Objection*, ECF No. 23, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

IT IS SO ORDERED.

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT